T.C. Memo. 2001-243


UNITED STATES TAX COURT


GENNARO AND PATRICIA LABATO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 4781-99.                    Filed September 18, 2001.


Gennaro Labato, pro se.

---

[*] On Feb. 23, 2001, this Court filed its opinion in <u>Labato</u>
<u>v. Commissioner</u>, T.C. Memo. 2001-40.  It was not until June 27,
2001, that respondent submitted and the Court filed a Notice of
Bankruptcy, which advised the Court that on Dec. 28, 2000,
petitioner Patricia Labato filed a petition with the U.S.
Bankruptcy Court.  On July 10, 2001, pursuant to 11 U.S.C. sec.
362(a)(8) (1994), the proceedings in this Court were stayed as to
petitioner Patricia Labato, stayed as to petitioner Gennaro
Labato, and the Court's opinion was withdrawn by Order.

On Sept. 7, 2001, respondent advised the Court that on Aug.
28, 2001, the Bankruptcy Court granted the Government's motion to
lift the automatic stay as to petitioner Patricia Labato to
permit the proceedings in this case to proceed.  On Sept. 11,
2001, this Court lifted the automatic stay as to petitioner
Patricia Labato and the stay as to petitioner Gennaro Labato.

Except for this footnote, this opinion is unchanged from the
previous opinion withdrawn by Order dated July 10, 2001.

Ross M. Greenberg, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' 1996 Federal income tax in the amount of $3,462 and a section 6651(a)(1) addition to tax in the amount of $866. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As admitted by petitioners in the Stipulation of Facts, with respect to their untimely 1996 Federal income tax return, Mrs. Labato underreported income from her employment by Marriott International, Inc., and totally omitted income from Columbia Park Medical Center; petitioners failed to report some of their interest income from a bank; and each petitioner underreported Social Security benefits each received in 1996. Respondent concedes that petitioners are not liable for the additional tax of $2,118 on an early distribution from a qualified pension. This Court must decide whether petitioners are liable for the addition to tax under section 6651(a)(1) for failure to timely file their tax return.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in St. Cloud, Florida, at the time they filed their petition.

Gennaro Labato (petitioner) was incarcerated from August 16, 1996, to July 31, 1997. Petitioner claimed that when the time came to file their tax return, petitioner Patricia Labato (Mrs. Labato) requested an extension of time to file because she was hoping that petitioner would be released from jail shortly thereafter. Petitioner was not released when anticipated. Mrs. Labato never received a response from the IRS. During petitioner's period of incarceration, the IRS was aware that he was being held in jail. After his release from jail, petitioner filed the return for 1996 on September 23, 1997.

Respondent has no record of receiving from petitioners a request for an extension of time to file.

Petitioners contend that petitioner's incarceration and his inability to gather documents were reasonable cause for their failure to timely file their return. Respondent contends that petitioners had no reasonable cause for failing to timely file their return.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is

late, not to exceed 25 percent. Sec. 6651(a)(1). Petitioners provided no evidence that they filed for an extension, while respondent provided documentation establishing that an extension request was not received. Accordingly, we find that petitioners never requested an extension. Even if petitioners had requested the extension of time to file, they would have received an automatic 4-month extension which would have expired prior to the time the return was actually filed in this case. Sec. 1.6081-4(a)(1), Income Tax Regs. To extend the time to file further, petitioners would have had to request another extension. Petitioners did not claim they filed such an additional extension.

Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure to file timely was due to reasonable cause and not willful neglect. Sec. 6651(a)(1) and (2). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

The mere fact that petitioner was incarcerated at the time his return was due is not reasonable cause, within the meaning of section 6651(a)(1), for his failure to timely file. Llorente v.

<u>Commissioner</u>, 74 T.C. 260, 268-269 (1980), affd. in part, revd. in part on other grounds, and remanded 649 F.2d 152 (2d Cir. 1981); <u>Veto v. Commissioner</u>, T.C. Memo. 1993-557.  We also note that Mrs. Labato was not incarcerated and could have filed on time.  Petitioners failed to prove that they had reasonable cause.  Accordingly, we find for respondent as to the addition to tax under section 6651(a)(1).

<u>Decision will be entered</u>
<u>under Rule 155.</u>